UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LIONEL PIERRE,

                        Plaintiff,

    -against-

POLICE OFFICER SEAN ROCCO,
*Tax ID #937396 at 113th Precinct,*

                        Defendant.
-------------------------------------------------------------------X

F I L E D
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

☆   MAR 06 2018   ☆

BROOKLYN OFFICE

**ORDER**
**17 CV 4657 (LDH)(LB)**

**BLOOM, United States Magistrate Judge:**

       Based on the initial conference held in this matter on March 6, 2018, the Court shall seek

*pro bono* counsel for plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Although discretion is

inherent in police work, the Constitution sets limits on police action.  Plaintiff in this case was

arrested on an "I-card", an internal police communication alerting other police that someone is

interested in talking to the subject of the I-card.  There was no warrant for plaintiff's arrest on

November 21, 2014.  Nonetheless, as stated on the record at the initial conference on March 6,

2018, plaintiff's private vehicle's license plate was plugged in to a Queens police stolen car task

force program (even though plaintiff's car was not stolen), plaintiff was pulled over by the police

and arrested based on the I-card.  The charge was menacing, a misdemeanor.

       Unbeknownst to plaintiff, individuals had filed a complaint with the police, had viewed a

photo array, and provided plaintiff's car's license plate number, yet no warrant was sought by the

police.  Plaintiff was searched "incident to the arrest" and was additionally charged with carrying

a gravity knife.  All charges against plaintiff were ultimately dismissed, but not before plaintiff

lost his taxi license, his livelihood for supporting his family.  Because the Court has concerns

about the constitutionality of the N.Y.P.D.'s use of I-cards to make warrantless arrests, the Court requests *pro bono* counsel for plaintiff Lionel Pierre.

Plaintiff is advised that there is no right to counsel in a civil case, <u>Guggenheim Capital, LLC v. Birnbaum</u>, 722 F.3d 444, 453 (2d Cir. 2013), and the Court cannot require an attorney to take a civil case without a fee. <u>Mallard v. U.S. Dist. Court</u>, 490 U.S. 296 (1989). Rather, the Court requests that an attorney volunteer to provide representation to plaintiff. 28 U.S.C. § 1915(e)(1). Plaintiff should cooperate with any *pro bono* attorney who contacts him. The Court shall set the schedule for further proceedings after the Court makes a diligent effort to secure *pro bono* counsel for plaintiff. Discovery in this matter is hereby stayed.

SO ORDERED.

/S/ Judge Lois Bloom

LOIS BLOOM
United States Magistrate Judge

Dated: March 6, 2018
        Brooklyn, New York