UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIONEL PIERRE,

                              Plaintiff,

              v.

P.O. SEAN ROCCO,

                              Defendant.

---

**MEMORANDUM AND ORDER**

17-CV-4657 (LDH) (LB)

LᴀSHANN DᴇARCY HALL, United States District Judge:

Plaintiff Lionel Pierre, proceeding pro se, brings the instant action against Defendant New York City Police Department ("NYPD") Officer Sean Rocco pursuant to 42 U.S.C. § 1983 alleging claims for false arrest, malicious prosecution, and excessive force. Defendant moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment to dismiss the amended complaint in its entirety.

## UNDISPUTED FACTS[1]

From July 22, 2014, until November 21, 2014, Plaintiff owned a silver BMW bearing the license plate number "GNB 2467." (Def.'s Statement of Material Facts Pursuant to Local Civ. R. 56.1 ("Def.'s 56.1") ¶ 1, ECF No. 66.) On July 22, 2014, the NYPD received a report from an individual ("Claimant 1") claiming that someone in a silver BMW bearing the possible license plate number "GNB 3468" was following him. (June 21, 2019 Decl. Daron R. Ravenborg ("Ravenborg Decl.") Ex. C at D00393, ECF No. 65-3.; Def.'s 56.1 ¶ 2.) Claimant 1 further reported that the driver of the silver BMW brandished a firearm at him and called him an "informant." (*Id*.) On August 4, 2014, Claimant 1 identified Plaintiff as the driver of the silver

---

[1] Unless otherwise indicated, the following facts are taken from the parties' statements of material facts pursuant to Local Rule 56.1 and are undisputed. Facts that are not contradicted by citations to admissible evidence are deemed admitted. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted.").

BMW from a photo array conducted by NYPD Detective Carl Shepherd.  (Def.'s 56.1 ¶ 3; Ravenborg Decl. Ex. D, ECF No. 65-4.)  Subsequently, on August 8, 2014, the NYPD issued an identification card seeking Plaintiff's arrest for menacing in the second degree, identifying Detective Shepherd as the submitting officer.  (Ravenborg Decl. Ex. E, ECF No. 65-5.)

On November 16, 2014, a second individual ("Claimant 2") reported to the NYPD that as he was driving, someone in a silver BMW bearing the license plate number "GNB 2467" was following him for several blocks.  (*Id*. Ex. F at D00013, ECF No. 65-6; Def.'s 56.1 ¶ 5.)  Claimant 2 further reported that the driver of the silver BMW pulled up alongside his vehicle, pointed a firearm, and yelled "FUCK THE POLICE!"  (Ravenborg Decl. Ex. F at D00013.)  Later that day, Claimant 2 identified Plaintiff as the driver of the silver BMW from a photo array, conducted by NYPD Detective Claudia Llanos.  (Def.'s 56.1 ¶ 6; Ravenborg Decl. Ex. G, ECF No. 65-7.)  Subsequently, on November 17, 2014, the NYPD issued a second identification card seeking Plaintiff's arrest for menacing in the second degree.  (Def.'s 56.1 ¶ 7; Ravenborg Decl. Ex. I, ECF No. 65-9.)

On November 21, 2014, around 5:30 p.m., Defendant was driving an NYPD vehicle and operating a license plate reader near the intersection of 230th Street and Merrick Boulevard in Queens, New York.  (*See* Def.'s 56.1 ¶ 8.)  The plate reader's alarm was triggered after it scanned Plaintiff's license plate, which indicates that Plaintiff's vehicle was connected to a crime.  (Ravenborg Decl. Ex. B at D00001.)  Defendant then pulled Plaintiff over.  (Def.'s 56.1 ¶ 11.)  At some point during Plaintiff's encounter with Defendant, a search of Plaintiff was conducted, and according to Defendant, a gravity knife was recovered.  (*See id*. ¶ 12.)  Plaintiff maintains that the knife was only a "small 3-inch pocket-knife."  ("Pl.'s Counterstatement of Material Facts Pursuant to Local Civ. R. 56.1 ("Pl.'s Counter 56.1") ¶ 16, at 6, ECF No. 61.)

2

Ultimately, Defendant arrested Plaintiff for menacing in the second degree in violation of N.Y. Penal Law § 120.14 and harassment in the second degree in violation of N.Y. Penal Law § 240.26 in connection with the alleged events of July 22, 2014, and November 16, 2014, and criminal possession of a weapon in the fourth degree in violation of N.Y. Penal Law § 265.01 for possession of a gravity knife upon apprehension.  (Def.'s 56.1 ¶ 13.)  According to Plaintiff, Defendant handcuffed him resulting in a "tight handcuff injury to [his] wrists."  (Am. Compl. 6., ECF No. 10.)

NYPD Detectives Kevin Goodspeed and Claudia Llanos executed the criminal complaints for the prosecutions for menacing and harassment, respectively.  (*See* Ravenborg Decl., Exs. L and M, ECF Nos. 65-12, 65-13.)  Those charges were dismissed on February 27, 2015, on speedy trial grounds.  (Def.'s 56.1 ¶ 15.)  The charge for possession of the gravity knife was adjourned in contemplation of dismissal on September 7, 2016.  (*See* Ravenborg Decl., Ex. Q, ECF No. 65-17.)

## STANDARD OF REVIEW

Summary judgment must be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004).  Where the non-movant bears the burden of proof at trial, the movant's initial burden at summary judgment can be met by pointing to a lack of evidence supporting the non-movant's claim.  *Celotex Corp.*, 477 U.S. at 325.  Once the movant meets his initial burden, the

3

non-movant may defeat summary judgment only by adducing evidence of specific facts that raise a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 250; *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002). The Court is to believe the evidence of the non-movant and draw all justifiable inferences in his favor, *Anderson*, 477 U.S. at 255, but the non-movant must still do more than merely assert conclusions that are unsupported by arguments or facts, *Bellsouth Telecomms.*, *Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

"It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted), including when facing a summary judgment motion, *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003). Nevertheless, the "application of this different standard does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment." *Id*. at 50 (internal quotation marks omitted).

## DISCUSSION

### I.    False Arrest

Defendant argues that Plaintiff's false arrest claim must be dismissed because the arrest was premised on probable cause. (Def.'s Mem. L. Supp. Mot. Dismiss ("Def.' Mem.") 4–7, ECF No 67.) The Court agrees.

It is well-settled that "[p]robable cause is a complete defense to an action for false arrest brought under New York law or § 1983." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (internal citation and quotation marks omitted). An officer has probable cause when he has "reasonably trustworthy information as to facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Id.* (internal modifications omitted) (quoting *Zellner v. Summerlin*, 494

4

F.3d 344, 368 (2d Cir. 2007)).  Notably, "it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153–54 (2004)).

Here, Plaintiff was arrested after Claimant 1 and Claimant 2 identified Plaintiff as the individual who followed them in a silver BMW and brandished a firearm on July 22, and November 16, respectively.  (*See* Def.'s 56.1 ¶¶ 3–13.)  And, following each photo array, the NYPD issued an identification card seeking Plaintiffs' arrest for menacing in the second degree. (*See id*.)  These facts are sufficient to establish probable cause.  *See Burgess v. DeJoseph*, 725 F. App'x 36, 39 (2d Cir. 2018) (holding that probable cause existed where two witnesses separately identified the plaintiff as the alleged offender in a photo array); *Watkins v. Ruscitto*, 14-CV-7504 (AJP), 2016 WL 3748498, at *7 (S.D.N.Y. July 11, 2016) (holding that arresting officers were entitled to rely on the determination of the officer who issued the I-card that there was probable cause to arrest).  That Defendant was not present for the photo array and did not participate in the issuance of the identification cards is of no moment.  "Under the collective or imputed knowledge doctrine, an arrest or search is permissible where the actual arresting or searching officer lacks the specific information to form the basis for probable cause or reasonable suspicion but sufficient information to justify the arrest or search was known by other law enforcement officials initiating or involved with the investigation." *United States v. Colon*, 250 F.3d 130, 135 (2d Cir. 2001).  Accordingly, Plaintiff's false arrest claim is dismissed.

## II.    Malicious Prosecution

Plaintiff presses a claim of malicious prosecution in connection with his charges for menacing, harassment, and possession of a gravity knife.  To establish a malicious prosecution claim under New York law, a plaintiff must prove "(1) the initiation or continuation of a criminal

proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of

probable cause for commencing the proceeding; and (4) actual malice as a motivation for

defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)

(quotations omitted).  Defendant argues that Plaintiff cannot prove each element as to any of the

charged offenses.  (*See* Def.'s Mem. 7–11.)  The Court agrees.

      To the extent that Plaintiff's claim is premised on his prosecutions for menacing and

harassment, the claim fails because Defendant did not initiate those proceedings.  To prove

initiation of the criminal proceeding, "it must be shown that the defendant played an active role

in the prosecution, such as giving advice and encouragement or importuning the authorities to

act." *Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006) (quoting *DeFilippo

v. County of Nassau*, 183 A.D.2d 695, 696, 583 N.Y.S.2d 283, 284 (2d Dept. 1992)).  It has long

been settled that participation in the arrest, without more, is insufficient to establish the requisite

initiation.  *See Weiner v. McKeefery*, 90 F. Supp. 3d 17, 33, n.4 (E.D.N.Y. 2015) (recognizing

that a police sergeant's signature on a civilian arrest form is insufficient to constitute an initiation

of a criminal prosecution for purposes of a malicious prosecution claim); *Burt v. Aleman,* No.

05–CV–4493 (NGG), 2008 WL 1927371, at *6 (E.D.N.Y. April 30, 2008) (granting summary

judgment on malicious prosecution claim where there was no evidence that the detective

"insisted upon or urged further prosecution of Plaintiff after his arrest.").  Instead, initiation has

been found where, for example, the arresting officer prepared the criminal complaint or

corroborating affidavits.  *Compare Frederique v. Cty. of Nassau*, 168 F. Supp. 3d 455, 478

(E.D.N.Y. 2016) (dismissing malicious prosecution claim where it was undisputed that

defendants did not sign the felony complaint or complete corroborating affidavits that were

relied upon in initiating criminal proceeding), *with Bonds v. City of New York*, No. 12-CV-1772

ARR MDG, 2014 WL 2440542, at *6 (E.D.N.Y. May 30, 2014) (noting that the plaintiff could only assert a malicious prosecution claim against the arresting officer who signed the criminal complaint). Likewise, where an officer provides materially false information to the prosecutor, courts have found the officer to have initiated the prosecution because the officer has effectively deprived the prosecutor of the ability to make an independent determination. *See Lopez v. City of New York*, 105 F. Supp. 3d 242, 250 (E.D.N.Y. 2015) (recognizing that a defendant can be held liable for initiating a prosecution when that defendant fabricates evidence and forwards that evidence to prosecutors). No such facts are present here.

It is undisputed that Defendant's role in the charges for menacing and harassment was that of arresting officer only. (Def.'s 56.1 ¶ 14.) There is no evidence in the record that Defendant created false information, completed a corroborating affidavit, or signed the complaints for menacing or harassment. To the contrary, the criminal complaints were signed by Detective Goodspeed and Detective Llanos, respectively. (*See* Ravenborg Decl., Exs. L and M, ECF Nos. 48-12, 48-13.) On these facts, Defendant cannot be held liable for malicious prosecution as to the menacing and harassment charges.

The analysis with respect to Plaintiff's prosecution for possession of a gravity knife is different, though the outcome remains the same. As to this charge, Defendant did execute the criminal complaint. (*See* Ravenborg Decl., Ex. N, ECF No. 65-14.) That said, Plaintiff's claim must fail because the case did not terminate in his favor. The prosecution of the gravity knife charge was adjourned in contemplation of dismissal. (*See id.*, Ex. Q.) Under New York law, an "adjournment in contemplation of dismissal," is "a conditional dismissal that becomes final 6–12 months thereafter if the court has not in the interim, on motion of the prosecutor, restored the case to the calendar upon determining that the dismissal 'would not be in furtherance of

justice[.]'" *Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002) (quoting N.Y. Crim. Proc. L. §

170.55(2)).  The Second Circuit has held that such a dismissal is not a favorable termination for

the purposes of a malicious prosecution claim "because it leaves open the question of the

accused's guilt." *Robinson*, 289 F.3d at 196.  Plaintiff's claim for malicious prosecution is

therefore dismissed.

## III.    Excessive Force

Police officers are prohibited from using "unreasonable and therefore excessive force . . .

in the course of effecting an arrest." *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010).  That

said, "[o]fficers are entitled to use some degree of force when restraining a suspect during an

arrest." *Faruki v. City of New York*, 517 F. App'x 1, 2 (2d Cir. 2013).  In assessing the

reasonableness of the force used by an officer, courts must employ a "case and fact specific"

inquiry that balances "the nature and quality of the intrusion on the plaintiff's Fourth

Amendment interests against the countervailing governmental interests at stake." *Tracy*, 623

F.3d 96.  Defendant seeks dismissal of Plaintiff's excessive force claim, arguing that it fails as

a matter of law.  (Def.'s Mem. 11–13.)  The Court agrees.

Here, Plaintiff's excessive force claim is premised on a "tight handcuff injury to [his]

wrists." (Am. Compl. 6.)  In evaluating the reasonableness of handcuffing, a Court is to consider

evidence that: "1) the handcuffs were unreasonably tight; 2) the defendant[] ignored the

[plaintiff's] pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists."

*See Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008)

(quoting *Esmont v. City of New York*, 371 F.Supp.2d 202, 215 (E.D.N.Y. 2005)).  Plaintiff

provides no evidence of the extent of his purported injury, that he sought medical treatment, or

that he alerted Defendant that his handcuffs were too tight.  Courts in this circuit have invariably

held that tight handcuffing does not rise to the level of excess force unless it causes some injury

8

beyond temporary discomfort.  *See Lynch*, 567 F. Supp. 2d at 468 (collecting cases).  This Court

agrees.  Accordingly, Plaintiff's excessive force claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

The amended complaint is dismissed in its entirety.[2]

SO ORDERED.

Dated: Brooklyn, New York
        March 12, 2021

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

---

[2] Plaintiff asserts in opposition to Defendant's motion for summary judgment that Defendant unlawfully searched his vehicle and person.  (*See* Pl.'s Opp'n 2; Pl.'s Counter 56.1 ¶ 9.)  An unlawful search claim was not raised in the amended complaint.  (*See generally* Am. Compl.)  A plaintiff, even when proceeding pro se, may not raise new claims for the first time in opposition to summary judgment. *See Oyewo v. Lahood*, 515 F. App'x 10, 11 (2d Cir. 2013) (holding that a "[pro se plaintiff] has abandoned her alternative work schedule claim by raising it for the first time in opposition to [defendant's] motion for summary judgment"); *Avillan v. Donahoe*, 483 F. App'x 637, 639 (2d Cir. 2012) ("The district court did not err in disregarding allegations [pro se plaintiff] raised for the first time in response to [defendant]'s summary judgment motion.").