UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LIONEL PIERRE,

                              Plaintiff,                    **REPORT AND RECOMMENDATION**
                                                           **17 CV 4657 (LDH) (LB)**

        -against-

POLICE OFFICER SEAN ROCCO,

                              Defendant.
------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiff brought this *pro se* civil rights action alleging defendant falsely arrested him,

maliciously prosecuted him, and used excessive force against him. Amended Complaint, ECF No.

10. After the parties completed discovery, defendant moved for summary judgment. ECF Nos. 63–

68. The Court granted defendant's motion and judgment was entered against plaintiff on March

15, 2021. Plaintiff filed a notice of appeal. ECF Nos. 73, 74. Defendant filed the initial request for

costs on April 14, 2021.[1] ECF No. 77. Plaintiff opposed the motion on April 28, 2021 but appeared

to misconstrue the motion as requesting attorney's fees rather than costs. ECF No. 78. On

September 15, 2021, I denied defendant's motion for costs without prejudice as premature because

plaintiff's appeal was pending. ECF No. 81; see LOCAL CIV. R. 54.1(a) ("Costs will not be taxed

during the pendency of any appeal, motion for reconsideration, or motion for a new trial.").

Plaintiff's appeal was dismissed on October 18, 2021. Defendant renewed his motion for costs on

November 9, 2021. ECF Nos. 82, 83. Plaintiff again opposes the request although on the mistaken

impression that the Court's previous order bars the request. ECF No. 84. Defendant's motion was

---

[1] Federal Rule of Civil Procedure 54(d)(1) provides that "costs— other than attorney's fees— should be allowed to
the prevailing party." FED. R. CIV. P. 54(d)(1). The items that are taxable as costs are set forth in Local Civil Rule
54.1(c).

referred to me by the Honorable LaShann DeArcy Hall for a Report and Recommendation in accordance with 28 U.S.C. § 636(b).

This case stems from plaintiff's November 21, 2014 arrest and subsequent prosecution for menacing, harassment, and criminal possession of a weapon. Memorandum and Order Granting Summary Judgment ("Order"), ECF No. 72, 2–3. Plaintiff was arrested after two individuals claimed that he had been following them in his car, shouting and brandishing a firearm. Id. at 1–2. During his arrest, plaintiff was searched and according to the police, they found a gravity knife on his person.[2] Id. at 2. Plaintiff also alleges that during the arrest, defendant handcuffed him too tightly and injured his wrists. Id. Plaintiff's menacing and harassment charges were ultimately dismissed on February 27, 2015 on speedy trial grounds, and the possession of a weapon charge was adjourned in contemplation of dismissal on September 7, 2016. Id. at 3.

Federal Rule of Civil Procedure 54 allows the prevailing party to recover costs. FED R. CIV. P. 54(d)(1). The party seeking to recover costs must file a notice of taxation of costs within thirty days of the entry of final judgment. LOCAL CIV. R. 54.1(a). Costs are generally awarded to the prevailing party as a matter of course. See FED R. CIV. P. 54(d)(1); Moore v. City of Delaware, 586 F.3d 219, 221 (2d Cir. 2009) ("[A]n award of costs is the rule, not the exception.").

However, the decision to award costs under Rule 54 is within the discretion of the District Court. Bekiaris v. U.S., 96 Civ. 302 (MGC), 1998 WL 734362 at *1 (S.D.N.Y. Oct. 20, 1998) (citations omitted).[3] A court may consider a variety of equitable factors, such as a plaintiff's indigence or good faith in bringing the case, when considering whether to exercise its discretion to deny a taxation of costs. Id. at *1 (collecting cases). Because the general rule is for costs to be awarded to the prevailing party, the losing party bears the burden to show that costs should not be

---

[2] Plaintiff maintains that the knife was only a "small 3-inch pocket-knife." Order at 2.
[3] The Clerk of Court shall send plaintiff the attached copies of all the unreported cases cited herein.

awarded. Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001). Plaintiff has twice opposed defendant's request for costs. See ECF Nos. 73, 84. Plaintiff's first opposition, ECF No. 73, construed the motion as requesting attorney's fees, and argued that the defendant was seeking fees for an unreasonable amount of time. Plaintiff's second opposition, ECF No. 84, argues that the request should be denied because it was previously denied by the Court. Plaintiff does not allege indigence or any other reason to deny defendant's request for costs. Plaintiff does not demonstrate that such an award would be inequitable. Therefore, plaintiff fails to meet his burden to show that defendant's request for costs should be denied.[4] See Pierre v. City of New York, 05 CV 5018 (JFB)(KAM), 2008 WL 1700441 at *3–4 (E.D.N.Y. April 9, 2008) (denying plaintiffs' motion to vacate an award of costs in part because while plaintiffs alleged they were of limited financial means, they did not provide any proof of financial hardship or indigency).

Since I have determined that costs should be taxed against plaintiff in this case, I now turn to consider whether the costs being requested are appropriate. Defendant seeks $568.60 in costs for plaintiff's deposition conducted on April 9, 2019, and two copies of the transcript. Declaration of Evan Gottstein in support of Defendant's Application for Costs ("Gottstein Decl."), ECF No. 83-1 ¶ 11. Local Civil Rule 54.1 provides that the cost of a deposition and transcript is taxable provided that the deposition was used at trial or by the Court in deciding a dispositive motion. L. CIV. R. 54.1(c)(2). In this case, the deposition transcript was used by defendant in preparing his motion for summary judgment and was submitted to the Court as an exhibit to that motion. Gottstein Decl. ¶ 11. Thus, the deposition transcript is properly taxed as a cost in this case.

---

[4] The Court notes that plaintiff litigated this case *pro se* and was granted *in forma pauperis* status at the beginning of the case. ECF No. 9. Even if plaintiff had submitted proof of his indigence, that would not be enough to deny taxation of costs in this case. See Pierre, 2008 WL 1700441 at *3–4 (reasoning that even assuming plaintiffs had carried their burden and shown that they had brought the case in good faith and were indigent, that would not warrant denying costs). See also Whitfield, 241 F.3d at 272–73 (finding that good faith and a showing of indigency do not warrant a denial of taxation of costs against incarcerated plaintiff).

However, Local Rule 54.1 is clear that a party should only receive costs for one copy of a deposition, and here defendant is seeking costs for two copies. See L. Civ. R. 54.1(c)(2) ("[T]he original transcript of a deposition, plus one copy, is taxable."); see also Gottstein Decl. ¶ 12 ("[T]he invoice from the court stenographer for the deposition referenced that an original and two copies of the deposition transcripts were provided.").[5] Thus, the Court should not tax the cost of the second copy against plaintiff. See Karmel v. City of New York, 00 Civ. 9063 (KMK), 2008 WL 216929 at *4 (S.D.N.Y. Jan. 9, 2008) (reducing the amount of costs taxed so that plaintiff would not be taxed for second copy of deposition transcript). Defendant's declaration attaches a letter from a representative of Diamond Reporting, Inc., the company used by defendant to conduct plaintiff's deposition, which represents that the cost of producing the second copy of the deposition was $0.12 per page. Gottstein Decl. Ex. E, ECF No. 83-6. Defendant's receipt from Diamond shows that plaintiff's deposition was 151 pages long. Gottstein Decl. Ex. D, ECF No. 83-5. Thus, I recommend that the Court should subtract $18.12 ($0.12 per page x 151 pages = $18.12) from the $568.60 sought by defendant for the deposition and award defendant $550.48 in costs against plaintiff.

Defendant also requests $20.00 for docket fees. Gottstein Decl. ¶ 17. As docket fees are taxable under both Local Rule 54.1(c)(10) and 28 U.S.C. § 1923, I recommend that defendant should be awarded an additional $20.00 in costs against plaintiff.

Accordingly, I respectfully recommend that the Court should award defendant $570.48 in costs against plaintiff.

---

[5] Defendant's counsel's letter states "[t]his office's contract with Diamond provided for a unit cost . . . and it always includes two copies of the transcript, whether or not two copies are requested . . . . Had defendant only requested an original and one copy, defendant would have had to pay the same contractual unit cost." ECF No. 83-1 ¶¶ 14–15.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 152 (1985).

SO ORDERED.

_____/S/_____

LOIS BLOOM
United States Magistrate Judge

Dated: December 16, 2021
        Brooklyn, New York