UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LIONEL PIERRE,

                Plaintiff,

v.

POLICE OFFICER SEAN ROCCO,

                Defendant.

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

17-CV-4657 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

On November 9, 2021, New York City Police Department Officer Sean Rocco ("Defendant") filed an application for costs taxable against Lionel Pierre ("Plaintiff") pursuant to Federal Rule of Civil Procedure 54, Local Civil Rule 54.1, and 28 U.S.C. §§ 1920 and 1923. (*See* Def.'s Second Mot. Bill Costs ("Def.'s Mot."), ECF No. 83.) The Court referred Defendant's application for costs to Magistrate Judge Lois Bloom for report and recommendation. On December 16, 2021, Judge Bloom issued her report and recommendation ("R&R"), recommending that the Court award Defendant $570.48 in costs against Plaintiff. Plaintiff, proceeding pro se, objected.

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a *de novo* review of those portions of a report and recommendation to which a party submits a timely objection. *Id*. "To accept those portions of the report to which no timely objection has been made, 'the district court need only satisfy itself that there is no clear error on the face of the record.'" *Estate of Ellington*

*ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## BACKGROUND

On March 12, 2021, the Court issued its memorandum and order granting Defendant's motion for summary judgment and dismissing the amended complaint in its entirety. (*See* Mem. Order, ECF No. 72.) Plaintiff filed an appeal, which was denied on October 18, 2021. Thereafter, Defendant filed an application for costs as the prevailing party, pursuant to Rule 54(d)(1) and Local Rule 54.1. (*See* Def.'s Mot. ¶ 11.) Defendant's application requests $568.60 for the deposition of Plaintiff conducted on April 9, 2019, and two copies of the transcript. (*Id.*) Additionally, Defendant seeks $20.00 pursuant to 28 U.S.C. § 1923, for a total of $588.60. (*Id.* ¶ 17.)

In reviewing Defendant's application for costs, Judge Bloom found that the costs for Plaintiff's deposition and one copy of the transcript was taxable against Plaintiff because the deposition transcript was submitted as an exhibit in support of Defendant's motion for summary judgment. (R&R at 3.) Judge Bloom also found that Plaintiff should not be taxed the cost of the second transcript copy because Local Rule 54.1 clearly states that a party should only receive costs for one copy of a deposition transcript. (*Id*. at 4.) Accordingly, Judge Bloom recommended this Court subtract the cost of the second transcript copy ($18.12) from its award of costs. (*Id*.) Finally, Judge Bloom found that Defendant was entitled to the requested amount of $20.00 for docket fees. (*Id*.) Judge Bloom recommended that this Court award Defendant a total of $570.48 in costs against Plaintiff. (*Id*.)

2

Plaintiff objects that the cost of $570.48 for "time spent" is unreasonable, the cost of $20.00 for docket fees was unnecessary, and the cost for two copies of Plaintiff's deposition transcript was unnecessary. (*See* Pl.'s Objs. at 3, ECF No. 87.)[1]

## DISCUSSION

Under Federal Rule of Civil Procedure 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party." Relevant here, Local Civil Rule 54.1 provides that "the original transcript of a deposition, plus one copy, is taxable if . . . they were used by the Court in ruling on a motion for summary judgment[,]" and "[d]ocket fees . . . are taxable[.]" Local Rule 54.1(c)(2), (10). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016).

Plaintiff first argues that defense counsel's declaration that the per page "unit cost" of his deposition transcript was $3.60 is contradicted by a letter sent from Diamond Reporting. (Pl.'s Obj. at 2.) Plaintiff is mistaken. The letter from Diamond Reporting to which Plaintiff refers states that the "cost for each page of photocopied transcript is approximately $0.12." (Def.'s Mot., Ex. E, ECF No. 83-6.) The "unit cost" per page of the deposition transcript is incurred by virtue of the various services Diamond Reporting provided to create an "original of the deposition transcript." (*Id*.) Next, Plaintiff argues that he should not be taxed the cost of a second copy of the deposition transcript. (Pl.'s Objs. at 2.) Quite right. Judge Bloom subtracted the cost of the second copy of the deposition transcript pursuant to Local Rule 54.1. (*See* R&R

---

[1] Plaintiff raises additional objections that he never had a chance for a fair jury trial and that issues of fact remain disputed in this case. (*See* Pl.'s Objs. at 3.) The Court overrules these objections, which bear no relation to the R&R.

3

at 4.) Accordingly, Plaintiff's objections to the cost of the deposition transcript and copy are overruled.

Plaintiff also argues that he should not be taxed costs at all because he is "facing Covid-19 Pandemic and Financial Hardship." (Pl's Objs. at 2.) "[I]ndigency *per se* does not automatically preclude an award of costs," and "the losing party has the burden to show that costs should not be imposed." *Whitfield*, 241 F.3d at 270. As Judge Bloom correctly noted in the R&R, Plaintiff has not provided any evidence that he faces financial hardship. (R&R at 2.) Rather, he argues that he lost his job and must make payments for his son's funeral. (Pl.'s Objs. at 2.) While these circumstances are tragic and unfortunate, Plaintiff has not provided any evidence of the actual cost of these hardships or his current financial condition. Accordingly, Plaintiff has not met his burden to show costs should not be awarded. *See* Perks v. Town of Huntington, 331 F. App'x 769, 770 (2d Cir. 2009) ("[Plaintiff] has not met that burden where the only evidence to support his claim of financial hardship is testimony that he is retired and incurs an unspecified amount of expenses.").

## CONCLUSION

For the foregoing reasons, Judge Bloom's R&R is ADOPTED in its entirety as the opinion of this Court. Defendant's application for costs is GRANTED in part, consistent with the R&R. Defendant is awarded $570.48 in costs taxable against Plaintiff. The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this memorandum and order to the pro se Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
     March 29, 2022

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge